<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4507**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ROGER EARL LYNCH, JR.,

              Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:09-cr-00659-HFF-1)

Submitted: March 31, 2011         Decided: April 4, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Earl Lynch, Jr., appeals his conviction and forty-eight-month sentence after a jury found him guilty of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2), 924(c) (West 2000 & Supp. 2010). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that he has examined the record and found no meritorious grounds for appeal, but indicating that Lynch wishes to challenge the sufficiency of the evidence supporting his conviction. Lynch has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

We review a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Ashley, 606 F.3d 135, 138 (4th Cir.), cert. denied, 131 S. Ct. 428 (2010). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's

2

guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Id. at 217 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Ashley, 606 F.3d at 138 (internal quotation marks omitted).

To establish a violation of 18 U.S.C.A. § 922(g)(1), the Government was required to prove that: (1) Lynch was a convicted felon; (2) he voluntarily and intentionally possessed a firearm and ammunition; and (3) the firearm and ammunition traveled in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Lynch stipulated that he was previously convicted of a felony and that the firearms and ammunition traveled in interstate commerce. Thus, the Government had only to prove Lynch's knowing possession. Viewing the evidence in the light most favorable to the Government, we conclude that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Lynch voluntarily and intentionally possessed the firearm and ammunition.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court

3

requires that counsel inform Lynch, in writing, of the right to petition the Supreme Court of the United States for further review. If Lynch requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lynch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED